## Thomas Hart, Appellee, v. R. E. Bradbury, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Thomas Hart, plaintiff, against R. E. Bradbury, defendant, to recover for wages. From a judgment for plaintiff, defendant appeals.

SCHNEIDER & SCHNEIDER, for appellant.

CLOUD & THOMPSON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 81*—*when presumed that parties assented to continuance of services under same terms as expiring contract.* Where a contract is entered into by which one person agrees to perform services for another for a definite time and at a stated salary and such services are continued after the term without objection by the employer and without any new agreement, the law raises a presumption that the parties have assented to a continuance of the services for another term of the same length and at the same salary.

2. MASTER AND SERVANT, § 75*—*what is remedy of servant working after expiration of contract for recovery of wages.* Where a servant agrees to work under a contract for a stipulated time and a definite salary, and he continues to work after the expiration of such period and the salary is not changed, the recovery for wages accruing after the expiration of such period must be on an implied contract and for the compensation presumed to have been fixed by the parties and not on *quantum meruit.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MASTER AND SERVANT, § 65*—*when duty of employer to give servant notice of change in compensation.* It is the duty of the employer to give the servant notice of a change in compensation after the expiration of a contract for a stipulated term and salary, so that the employee may leave if not satisfied.

4. MASTER AND SERVANT, § 85*—*when instruction on right to recover compensation properly refused.* In an action by an employee to recover wages accruing after the expiration of a contract for a stated period and salary, a requested instruction stating that if the jury believed from the evidence that plaintiff was hired for the working season of a certain year at a stipulated salary and that the working season was eight months long and no agreement was made thereafter for the succeeding years, then the jury should only allow plaintiff at the agreed rate for each working season thereafter, *held* erroneous, especially as it ignored the fact that plaintiff continued to work for defendant the entire year.

5. MASTER AND SERVANT, § 82*—*when evidence as to value of services inadmissible.* In an action by an employee to recover wages accruing after the expiration of a contract for a stated period and salary, where no change was made in the salary after the expiration of the term, evidence as to the value of the services rendered is inadmissible.